UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRITTNEE SMITH,

    Plaintiff,

    v.

HOME HEALTH SOLUTIONS, INC.,

    Defendant.

Civil Action No. 17-30178-MGM

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 7)

October 24, 2018

MASTROIANNI, U.S.D.J.

## I.    Introduction

Plaintiff Brittnee Smith is an African American female who applied for a caregiver job with Defendant Home Health Solutions, Inc. but was not hired. Plaintiff alleges Defendant did not hire her after it ran a criminal background check, and the Criminal Offender Record Information ("CORI") showed she was arrested in 2007. The arrest did not lead to a conviction. Plaintiff brought this race-based employment discrimination action, alleging Defendant's employment practices have a disparate impact on African Americans in violation of Title VII of the Civil Rights Act of 1964 and Massachusetts law. Defendant moved to dismiss, primarily arguing Plaintiff did not identify an employment practice or policy applicable to her, and Massachusetts law requires Defendant to run a CORI for all caregiving job candidates. Plaintiff opposed the motion to dismiss but voluntarily dismissed Count III pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (*See* Dkt. No. 12.) Now there are two pending claims against Defendant for race-based discrimination in violation of both 41 U.S.C.

§ 2000e-2(k) (Count I) and G.L. c. 151B, § 4(1) (Count II). Plaintiff has sufficiently—but barely—alleged a plausible disparate impact claim. As a result, Defendant's motion to dismiss will be denied.

## II. Background

Plaintiff alleges she is a black female who submitted a written application for a job as a caregiver with Defendant. *See* Compl. ¶¶ 6, 23. When she completed the application, she authorized Defendant to obtain a CORI report, which would show her criminal offender record information maintained by the Massachusetts court system. *Id.* at ¶¶ 24-25. The CORI report showed Plaintiff was arrested in 2007, and the arrest did not lead to a conviction. *Id.* at ¶ 29. Plaintiff subsequently interviewed for the position in-person with Linda Unwin, Defendant's human resources representative. *Id.* at ¶ 27. During the interview, Ms. Unwin said, "the Defendant had a policy that they could not hire anyone who was convicted of a crime in the last ten years." *Id.* at ¶ 32. Plaintiff explained she had been arrested but not convicted, and Ms. Unwin replied that Defendant still would not hire her "as she had something on her record that was within the ten-year timeframe." *Id.* at ¶¶ 33-34; *see also id.* at ¶ 36 (" . . . Ms. Unwin told [Plaintiff] that the Defendant would not hire her because of the 2007 arrest that did not result in any conviction."). Then Ms. Unwin stated Defendant might have "hired [Plaintiff] if she had applied for the same job after the ten-year period had lapsed." *Id.* at ¶ 35. After the interview, Defendant sent Plaintiff a letter informing her it could not offer her a position as a caregiver at that time. *Id.* at ¶ 39.

## III. Motion to Dismiss Standard

For the purpose of assessing a motion to dismiss, the court accepts the allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "Unlike factual allegations, legal conclusions contained within a complaint are not entitled to a presumption of truth." *Ocasio-Hernández v. Fortuño Burset*, 640 F.3d 1, 10 (1st Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Focusing on the factual allegations, the complaint must contain "a short and plain statement

of the claim," Fed. R. Civ. P. 8(a)(2), that "possess[es] enough heft to show that the pleader is entitled to relief," *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). To survive a Rule 12(b)(6) challenge, the allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## IV. Disparate Impact Claims

Under Title VII, disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). "[D]iscriminatory motive . . . is not required." *Id.* (citations omitted). At the pleading stage, Plaintiff must "1) identify the challenged practice or policy and defendant's use of it; 2) demonstrate a disparate impact on a group that falls within the protection of the statute; and 3) show a causal relationship between the identified practice and the disparate impact." *Alleyne v. Flagstar Bank, FSP*, No. 07-12128-RWZ, 2008 WL 8901271, at *4 (D. Mass. Sept. 12, 2008) (citing *E.E.O.C. v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 601 (1st Cir. 1995)).[1]

---

[1] Both Plaintiff and Defendant reference the requirements of a prima facie disparate impact claim. Whether Plaintiff has made out a prima facie case is an evidentiary standard—not a pleading standard—relevant at summary judgment or trial. *Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 718 (1st Cir. 2014) ("[A] complaint need not plead facts sufficient to establish a *prima facie* case, or allege every fact necessary to win at trial, to make out a plausible claim. The *prima facie* standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint.") (internal quotation marks and citations omitted); *accord Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016) ("[F]or purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss. A *prima facie* case is an evidentiary standard, not a pleading requirement, and hence is not a proper

3

Massachusetts law also recognizes disparate impact claims. *See Sch. Comm. of Braintree v. Mass. Comm'n Against Discrimination*, 377 Mass. 424, 428 (1979) ("[Disparate impact] cases involve employment practices that are facially neutral in their treatment of different groups, but that in fact fall more harshly on one group than another."). But "[b]ecause there is relatively little case law on disparate impact claims in Massachusetts," Massachusetts courts "look to Title VII for guidance." *Lopez v. Commonwealth*, 463 Mass. 696, 709 n.17 (2012). "[U]nlike disparate treatment claims, discriminatory motive is not a required element of proof in disparate impact cases." *Id.* at 709 (internal quotation marks and citations omitted). "This is because 'the necessary premise of the disparate impact approach is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination.'" *Id.* at 710 (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 987-88 (1988)).

## V.  Analysis

As a preliminary matter, the court notes Defendant attached six exhibits to its motion. Plaintiff argues the exhibits are outside of the pleadings and should be excluded, or, in the alternative, the court should treat the motion as one for summary judgment, in which case Plaintiff would need time for discovery. The court has reviewed the exhibits. They are, for the most part,

---

measure of whether a complaint fails to state a claim.") (internal quotation marks and citations omitted). The inquiry at the motion to dismiss stage is whether Plaintiff alleged sufficient facts to establish a plausible claim for relief.

If, based on evidence uncovered during discovery, Plaintiff establishes a prima facie showing of disparate impact, the burden shifts to Defendant. "[I]t may attack the plaintiff's proof head-on, debunking its sufficiency or attempting to rebut it by adducing countervailing evidence addressed to one or more of the three constituent strands from which the prima facie case is woven, asserting, say, that no identifiable policy exists, or that the policy's implementation produces no disparate impact, or that the plaintiff's empirical claims—such as the claim of causation—are insupportable." *Steamship Clerks Union*, 48 F.3d at 601 (internal citation omitted). Or Defendant may "demonstrate that the challenged practice is job related for the position in question and consistent with business necessity." 42 U.S.C. § 2000e-2(k)(1)(A)(i). If Defendant meets that burden, Plaintiff "has one final path to success, by proving the existence of an 'alternative employment practice,' defined in case law as a different 'test or selection device[ ], without a similarly undesirable racial effect,' which 'also serve[s] the employer's legitimate interest . . . .'" *Jones v. City of Boston*, 752 F.3d 38, 54 (1st Cir. 2014) (citations omitted).

4

outside the pleadings, and the court is not considering them. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) ("Ordinarily, of course, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56.").

Turning to the allegations, the complaint gets past Rule 8(a)'s pleading requirements for a disparate impact claim. First, Plaintiff alleged Defendant has several facially neutral hiring policies, some of which seemed to change throughout her interview:

- Defendant obtains CORI reports for job applicants. *See* Compl. ¶¶ 24-25, 29.

- Defendant does "not hire anyone who was convicted of a crime in the last ten years." *Id.* at ¶ 32.

- Defendant does not hire candidates who have "something on [their] record[s] that was within the ten-year timeframe." *Id.* at ¶¶ 33-34; *see also id.* at ¶ 36.

- Defendant might hire candidates who apply "after the ten-year period had lapsed." *Id.* at ¶ 35.

Second and third, Plaintiff alleged that, as a black woman, she is a member of a protected group, *id.* at ¶¶ 6, 44, 52, 56, and Defendant's policies have a disparate impact on African Americans because they "are arrested in numbers disproportionate to their representation in the general population," *id.* at ¶ 48. In addition, Plaintiff alleged that "[n]ational data and evidence . . . [show] that criminal record exclusions have a disparate impact on black job applicants based on their race and national origin." *Id.* at ¶ 49. The complaint does not cite any source for this data and evidence. Plaintiff's opposition to the motion to dismiss cites EEOC Enforcement Guidance regarding the use of arrest or conviction records in employment decisions. *See* EEOC Enforcement Guidance No. 915.002, Consideration of Arrest and Conviction Records in Employment Decisions Under Title

5

VII of the Civil Rights Act of 1964 (2012), *available at*

https://www.eeoc.gov/laws/guidance/arrest_conviction.cfm [hereinafter, "EEOC Enforcement Guidance"]. As it turns out, Plaintiff's "national data and evidence" contention in Complaint ¶ 49 is almost a verbatim quotation from the EEOC Enforcement Guidance: "National data supports a finding that criminal record exclusions have a disparate impact based on race and national origin. The national data provides a basis for the Commission to investigate Title VII disparate impact charges challenging criminal record exclusions." EEOC Enforcement Guidance at 1; *see also id.* at 10.

There are several similar cases from other districts where courts concluded the complaints survived dismissal. *See Williams v. Compassionate Care Hospice*, No. 16-2095 (JLL) (JAD), 2016 WL 4149987 (D.N.J. Aug. 3, 2016); *McCain v. United States*, No. 2:14-CV-92, 2015 WL 1221257 (D. Vt. Mar. 17, 2015); *Williams v. Wells Fargo Bank, N.A.*, No. 4-15-CV-38-CRW-SJB, 2015 WL 13753220 (S.D. Iowa Aug. 6, 2015). These cases are instructive, and, surprisingly, no party cited them.

Starting with *Williams v. Compassionate Care Hospice*, the plaintiff there was an African American woman hired as a certified nurse aide; her job offer was contingent on a background check and driving record review, which revealed a driving while intoxicated conviction, a drug ordinance violation, and a previously suspended driver's license. *See* 2016 WL 4149987 at *1. The defendant terminated her because her criminal history was purportedly disqualifying. *Id.* The plaintiff alleged that the defendant's employee handbook disqualifies employees only if operating a motor vehicle is an essential job duty, and it was not an essential duty for a certified nurse aide. *Id.* In denying the defendant's motion to dismiss, the court found the "[p]laintiff ha[d] identified the policy at issue that allegedly results in disparate impact (the criminal background check), and ha[d] further alleged that the employment practice 'operate[d] to exclude African Americans.'" *Id.* at *4 (citation to complaint omitted). The complaint specifically identified the EEOC Enforcement Guidance,

which the court found "len[t] sufficient support to Plaintiff's allegations to survive" dismissal. *Id.* at *5.

Similarly, in *McCain v. United States*, Kohl's Department Stores rescinded a job offer based on the results of a criminal background check. *See* 2015 WL 1221257 at *2. The plaintiff spoke with two HR representatives who gave conflicting information about the company's background check policy: one said the only disqualifying crime was driving under the influence, and the other said the only disqualifying crime was retail theft. *Id.* at *2, *13. The plaintiff brought a Title VII action, and attached a copy of the EEOC Enforcement Guidance to the complaint. *Id.* at *15. The court denied Kohl's motion to dismiss, finding the plaintiff had identified the company's "facially-neutral 'blanket' background check policy as the source of the alleged disparate impact" and that the EEOC Enforcement Guidance supported the claim's plausibility. *Id.* at *17.

Finally, in *Williams v. Wells Fargo Bank*, a group of African American former employees and job applicants alleged Wells Fargo used a criminal background check policy that had a disparate impact on minorities. *See* 2015 WL 13753220 at *1. The complaint did not reference the EEOC Enforcement Guidance and instead merely alleged, "Social science supports the fact that minorities are disproportionately affected by background screening policies that have no temporal limitation." *See Williams v. Wells Fargo Bank*, No. 4-15-CV-38-CRW-SJB, Amended Petition and Jury Demand (Dkt. No. 3-1) at ¶¶ 45, 73, 100, 121, 142, 163, 184 (S.D. Iowa). Wells Fargo moved to dismiss, arguing federal banking laws prohibited it from hiring people who had been convicted of certain crimes. *See* 2015 WL 13753220 at *1. The court denied the motion to dismiss, concluding the plaintiffs' allegations were "adequate to permit the court to find facial plausibility and to draw reasonable inferences that the Bank might be liable for the pleaded misconduct and discriminatory impact." *Id.* Wells Fargo's defense was premature at the motion to dismiss stage, and the plaintiffs

were entitled to discovery to try "to transform their theories into evidence proving actual circumstances." *Id.*

The complaint here is far from perfect, but it does barely survive. First, Plaintiff identified facially-neutral hiring policies that applied to her. Second, she alleged that because African Americans are arrested at rates disproportionate to their representation in the general population, Defendant's policies have a disparate impact on African American job applicants. The second prong presents a closer question, and the complaint would have been on more solid footing had it specifically referenced the EEOC Enforcement Guidance like the *Compassionate Care Hospice* and *McCain* cases cited above. The court appreciates Plaintiff cited the Guidance in her opposition to Defendant's motion to dismiss. But counsel should be aware that citing the EEOC Enforcement Guidance in the opposition does not incorporate it into the Complaint. Nevertheless, the complaint's reference to "[n]ational data and evidence . . . that criminal record exclusions have a disparate impact on black job applicants based on their race and national origin" is enough to apprise Defendant of the claims against it. *See Ocasio-Hernández*, 640 F.3d at 8 ("That ['short and plain statement of the claim'] aspect of the Rule [(8(a)(2))] merely requires sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests.") (citing *Twombly*, 550 U.S. at 555); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[P]etitioner's complaint easily satisfies the requirements of Rule 8(a) because it gives respondent fair notice of the basis for petitioner's claims.").

Defendant's motion to dismiss somehow fails to cite *Twombly*, *Iqbal*, or *Ocasio-Hernández* (which explains the Supreme Court's reasoning in *Twombly* and *Iqbal*) and does not challenge the complaint's mere reference to "national data and evidence." Moreover, Defendant primarily focused on whether Plaintiff identified an employment practice or policy applicable to her. Plaintiff clearly did. *See* Compl. ¶¶ 32; 34; 35; 36. Defendant largely ignored its strongest argument: the sufficiency of

8

Plaintiff's allegations of a disparate impact resulting from those policies. Defendant could have, but did not, move under Fed. R. Civ. P. 12(e) for a more definite statement about the disparate impact. Finally, like in *Wells Fargo*, Defendant's reliance on a business necessity defense—*i.e.*, Massachusetts law requires Defendant to obtain "all available" CORI for applicants who will provide in-home care and treatment for elderly and disabled individuals—is premature. Plaintiff met her burden of alleging a facially-neutral employment policy that has a disparate impact. She is now entitled to discovery.

## VI.     Redacting Personal Identifying Information

Exhibit B to Defendant's motion to dismiss contains Plaintiff's Social Security number. As a result, the Court sealed the docket entry (Dkt. No. 8) containing that exhibit. Defendant is ordered to review its other exhibits to ensure they do not contain any personal identifying information that should be redacted. Defendant then must redact Plaintiff's Social Security number from Exhibit B, redact any other personal information from all exhibits, and refile its memorandum in support of its motion to dismiss and the exhibits (including the redacted version(s)) on the public docket.

## VII.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

It Is So Ordered.

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Mark G. Mastroianni　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　MARK G. MASTROIANNI
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge